1

2

3

4

5

6                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
7                              AT SEATTLE

8

9   ALEXIS HAMILTON,                          Case No. C24-916RSL

10                Plaintiff,
                                              ORDER DENYING
11        v.                                  DEFENDANT LOGIC20/20'S
                                              MOTION TO DISMISS
12  LOGIC20/20, INC., PRUDENTIAL
    INSURANCE COMPANY OF AMERICA,
13
                  Defendants.
14

15        This matter comes before the Court on defendant Logic20/20's motion to dismiss (Dkt.

16
    # 33); plaintiff's response (Dkt. # 38); defendant's reply (Dkt. # 39); plaintiff's surreply and
17

18  request to strike (Dkt. # 42); and the related declarations, notice of supplemental authority, and

19  objection to notice of supplemental authority (Dkts. # 34, 40, 48, 51).[1] [2] Having reviewed these

20

21

22  _____

23       [1] Plaintiff correctly objects to defendant Logic20/20 submitting as "supplemental authority" a
    case that was decided in 2020, four years before defendant Logic20/20 filed its last brief in this matter.
24  *See* Dkt. # 48. *See also* LCR 7(n). While the Court could provide plaintiff an opportunity to respond to
    defendant's improperly submitted supplemental authority, it declines to do so given that (1) the Court
25  independently found the case included as supplemental authority while researching the legal issues in
    this matter and (2) the Court has determined that the case, *Guenther v. Lockheed Martin Corp.*, 972 F.3d
26  1043 (9th Cir. 2020), supports denying defendant Logic20/20's motion to dismiss. *See post*, III.C.

27       [2] Plaintiff's motion to strike the Declaration of Bradley J. Krupicka that was filed in support of
    defendant Logic20/20's reply is GRANTED. *See* Dkts. # 39, 40, 42. The Declaration of Bradley J.
28

    ORDER DENYING MOTION
    TO DISMISS - 1

filings and record herein, the Court DENIES defendant Logic20/20's motion to dismiss and

GRANTS plaintiff's request to strike.

## I.    Background

In February 2016, Prudential Insurance Company of America and Seattle employer

Logic20/20 entered into a Group Contract (G-22681-WA) to provide benefits to Logic20/20's

employees pursuant to an agreed plan. Dkts. # 23 at ¶¶ 3–4; 34, Ex. 1 at 1–3, 11 and Ex. 2 at 56.

Plaintiff states that she began working full-time as a Customer Success Consultant for

Logic20/20 on January 7, 2019. Dkt. # 23 at ¶ 7. At that time, plaintiff was 25 years old. *Id*. at

¶ 14. Plaintiff alleges that Logic20/20 instructed her not to sign up for benefits until her 26th

birthday because she was covered under her parents' insurance plans until her 26th birthday. *Id*.

Plaintiff also alleges that Logic20/20 did not tell her that by waiting until her 26th birthday to

sign up for benefits, she would trigger a requirement that she fill out an "Evidence of

Insurability" ("EOI") form. *Id*. That requirement would be triggered because, by the time of

plaintiff's 26th birthday, more than 31 days would have elapsed since her eligibility for

enrollment. *Id*. *See also* Dkt. # 34, Ex. 2 at 14.

"Plaintiff had lived with Ankylosing Spondylosis her whole life, and would not have

knowingly agreed to forgo the ability to automatically enroll in disability benefits." *Id.* at ¶ 14.

Plaintiff alleges that in August 2019, eight months after she began work at Logic20/20, she

---

Krupicka (Dkt. # 40) and the arguments in defendant's reply that rely on that declaration (*see* Dkt. # 39
at 4:11) are STRICKEN because they impermissibly raise new evidence. *See HDT Bio Corp. v. Emcure
Pharms., Ltd.*, No. C22-0334JLR, 2022 WL 3018239, at *2 (W.D. Wash. July 29, 2022).

ORDER DENYING MOTION
TO DISMISS - 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

received and completed her new employee enrollment paperwork, singing up for "all insurance available, including [short-term disability] insurance." *Id*. Plaintiff alleges that she believed she had signed up for long-term disability insurance, "but it appears that Logic20/20 failed to provide her the form." *Id*. "Nothing in the benefit election form mentioned a need for an EOI for [long term disability] coverage." *Id*.

Plaintiff alleges that she was not enrolled in long-term disability ("LTD") coverage in 2019 or 2020, nor was she charged premiums for LTD coverage during that period. *Id*. Plaintiff alleges that after she attempted to enroll in LTD benefits during the 2020 enrollment period, she received a March 2020 email from Logic20/20 telling her to send an EOI to Prudential. *Id*. at ¶ 15. *See also* Dkt. # 34, Ex. 1. Plaintiff did not submit an EOI. Dkt. # 23 at ¶¶ 54, 65–6, 76–7.

When, in late 2020, Logic20/20 moved to online benefits enrollment for the 2021 healthcare coverage year, plaintiff states that she "checked the box for LTD insurance, believing it was a continuation of her prior insurance." *Id*. at ¶ 16. At that point, "Logic20/20 and Prudential accepted her enrollment and began charging her premiums for her LTD coverage." *Id*. "At no time did Plaintiff receive from Logic20/20 or Prudential a request to complete an Evidence of Insurability ('EOI') as part of her 2021 or 2022 benefits enrollment." *Id*. Plaintiff states that Logic20/20 deducted premiums for LTD coverage from her paycheck from January 2021 through March 24, 2023, when she stopped working at Logic20/20. *Id*. at ¶ 25.

Plaintiff alleges that in March 2022, she filed for short-term disability ("STD") benefits after a diagnosis of Long Covid, which aggravated her preexisting conditions of Irritable Bowel

ORDER DENYING MOTION
TO DISMISS - 3

Syndrome and Ankylosing Spondylitis. *Id*. at ¶ 20. "Plaintiff applied for and received the maximum amount of STD benefits from Prudential." *Id*. "At no time during this period did either Logic20/20 or Prudential suggest that Plaintiff needed to submit a missing EOI . . . ." *Id*. Plaintiff alleges that in June 2022, after paying LTD benefits for "the past 18 months," she submitted a claim for LTD benefits. *Id*. at ¶ 21. "On June 23, 2022, Prudential for the first time informed Plaintiff that she had been required to complete an EOI form to qualify for LTD insurance." *Id*. "Prudential confirmed to her that she qualified medically for LTD benefits, but denied her claim based on the lack of EOI form in her file. Prudential asserted that Plaintiff had never had LTD coverage, despite paying premiums for it over the past year." *Id*.

Plaintiff alleges that on Aug. 22, 2022, she asked Logic20/20 by email to provide her with all plan documents. *Id*. at ¶ 22. "Logic 20/20 replied that it did not have them." *Id*. Plaintiff alleges that on Aug. 25, 2022, Prudential denied her appeal of Prudential's initial LTD benefits denial "but allowed Plaintiff to complete an EOI form." *Id*. at ¶ 23. Plaintiff alleges that Prudential "then denied her coverage again," and then, after reviewing the matter once more at the request of Logic20/20 and plaintiff, Prudential denied her coverage a third time in December 2022. *Id*.

Even so, plaintiff alleges, she was permitted to sign up for LTD coverage in late 2022 for the 2023 coverage year, and Logic20/20 and Prudential "continued to take her premiums despite informing her just a month earlier that she could not qualify for insurance." *Id*. at ¶ 24.

ORDER DENYING MOTION
TO DISMISS - 4

## II.    Plaintiff's Claims

Plaintiff's First Amended Complaint ("FAC") (hereafter referred to as "the complaint" and "plaintiff's complaint") brings two claims against defendant Logic20/20 under the Employee Retirement Income Security Act ("ERISA"). The first claim alleges a violation of 29 U.S.C. § 1132(a)(3)(B) and (g)(1). Dkt. # 23 at 14:22. Section 1132(a)(3)(B) allows a participant, beneficiary, or fiduciary to obtain "appropriate equitable relief" to redress violations of "any provision of this subchapter or the terms of the plan." As relevant here, the term "participant" means "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer . . . ." 29 U.S.C. § 1002(7). The equitable relief plaintiff seeks here includes estoppel, waiver, reformation, and surcharge. Dkt. # 23 at 14:22. Plaintiff seeks this equitable relief from Logic20/20 "in the alternative" to the relief she is seeking under a claim brought in this action against Prudential. Dkt. # 23 at ¶ 42. The relief plaintiff seeks from Prudential is payment of her plan benefits. *Id*. In her first claim against Logic20/20, plaintiff also alleges that Logic20/20 breached its fiduciary duty to plaintiff and thereby caused her to incur attorney fees that should be reimbursed. Dkt. # 23 at ¶ 61. Under 29 U.S.C. § 1132(g)(1), the Court may in its discretion award reasonable attorney fees and costs to either party in "any action under this subchapter."

ORDER DENYING MOTION
TO DISMISS - 5

1    Plaintiff's second claim against defendant Logic20/20 alleges that Logic20/20, as a plan

2    administrator, breached its duty under 29 U.S.C. § 1132(c) and § 1024(b)(4) to provide plan

3    documents upon request. Dkt. # 23 at 28:23.

4

5    **III.    Discussion**

6        **A.  Pleading Standard Under Fed. R. Civ. P. 12(b)(6)**

7

8        The question for the Court on a motion to dismiss is whether the facts alleged in the

9    complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S.

10   544, 570 (2007). In the context of a motion under Rule 12(b)(6), the Court must "accept factual

11   allegations in the complaint as true and construe the pleadings in the light most favorable to the

12   nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir.

13   2008) (citation omitted). The Court's review is generally limited to the contents of the

14   complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). "We are not, however,

15   required to accept as true allegations that contradict exhibits attached to the Complaint or

16   matters properly subject to judicial notice, or allegations that are merely conclusory,

17   unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*,

18   629 F.3d 992, 998 (9th Cir. 2010).

19

20       To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege
         "enough facts to state a claim to relief that is plausible on its face." []*Twombly*,
21       550 U.S. [at 570]. A plausible claim includes "factual content that allows the court
         to draw the reasonable inference that the defendant is liable for the misconduct
22       alleged." *U.S. v. Corinthian Colls*., 655 F.3d 984, 991 (9th Cir. 2011) (quoting
         *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under the pleading standards of Rule
23       8(a)(2), a party must make a "short and plain statement of the claim showing that

ORDER DENYING MOTION
TO DISMISS - 6

the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). . . . A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

*Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1144–45 (9th Cir. 2021). In addition, the factual allegations in a complaint "must be enough to rise above the speculative level." *Twombly*, 550 U.S. 544 at 555 (2007).

## B.  Plaintiff Has Statutory Standing

Defendant Logic20/20 argues that plaintiff's claims should be dismissed for lack of statutory standing because plaintiff is not a participant, beneficiary, or fiduciary under 29 U.S.C. § 1132(a)(3)(B). Dkt. # 33 at 5. Plaintiff argues that she is indeed a participant and therefore has statutory standing. Dkt. # 38 at 10–13. The U.S. Supreme Court has held that the term "participant," as defined in 29 U.S.C. § 1002(7), encompasses a former employee who has a colorable claim that "he or she will prevail in a suit for benefits." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117–18 (1989). Here, as discussed below, plaintiff has a colorable claim for LTD benefits and has sufficiently pled that defendant Logic20/20 is estopped from claiming plaintiff is not eligible for the LTD benefits she seeks. *See post,* III.J.1. Therefore, plaintiff has plausibly alleged statutory standing. *Firestone*, 489 U.S. 101 at 117–18 (1989).

### C. Plaintiff's Claim Is Not Time-Barred

Generally, a statute of limitations begins to run when the relevant cause of action "accrues"—"that is, when 'the plaintiff can file suit and obtain relief.'" *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 105 (2013). In the ERISA context, a participant's cause of action "does not accrue until the plan issues a final denial." *Id*. Where, as here, an ERISA plaintiff claims a breach of fiduciary duty by a defendant that is actionable under 29 U.S.C. § 1132(a)(3)(B), a three-year statute of limitations begins to run "after the earliest date on which the plaintiff had actual knowledge of the breach or violation." 29 U.S.C. § 1113(2). Demonstrating the "actual knowledge" aspect of this provision requires more than "evidence of disclosure alone." *Intel Corp. Inv. Pol'y Comm. v. Sulyma*, 589 U.S. 178, 186 (2020). It requires demonstrating that plaintiff was "in fact" aware of the relevant information. *Id*. *See also Guenther v. Lockheed Martin Corp.*, 972 F.3d 1043, 1054 (9th Cir. 2020). Partial knowledge is insufficient. *Guenther*, 972 F.3d 1043 at 1056 (9th Cir. 2020). To demonstrate a plaintiff's "actual knowledge of the breach," a defendant must show the plaintiff was "actually aware of the facts constituting the breach, not merely that those facts were available to the plaintiff," and must also show something "extra": that plaintiff "was actually aware of the nature of the alleged breach." *Id*. at 1054–55 (quoting *Sulyma v. Intel Corp. Inv. Policy Comm.*, 909 F.3d 1069, 1075–76 (9th Cir. 2018)).

Here, plaintiff claims a breach of fiduciary duty by defendant Logic20/20 that is actionable under 29 U.S.C. § 1132(a)(3)(B). Dkt. # 23 at 14:23. Defendant Logic20/20 argues

ORDER DENYING MOTION
TO DISMISS - 8

that the claim is time-barred under § 1113(2) because plaintiff had "actual notice" of the EOI

requirement for LTD coverage by March 2020 at the latest, but did not file a complaint in this

matter until June 2024, more than four years later. Dkt. # 33 at 7 (citing FAC, ¶ 15). The "actual

notice" that defendant Logic20/20 alleges is an email that plaintiff received from Logic20/20 in

March 2020, after plaintiff attempted to enroll in LTD benefits, telling plaintiff to "mail an EOI

to Prudential, and to <u>not</u> provide a copy to Logic20/20." FAC, ¶ 15. As an initial matter, the

relevant standard is "actual knowledge," not "actual notice." § 1113(2). More fundamentally,

accepting the factual allegations in the complaint as true, as the Court must at this stage, plaintiff

did not understand the effect of the March 2020 email on her eligibility for LTD benefits,

particularly given that Prudential subsequently "accepted her enrollment and began charging her

premiums for her LTD coverage." Dkt. # 23 at ¶¶ 16–19. That makes this situation unlike the

situation in *Guenther*, where plaintiff was found to have actual knowledge of a fiduciary's

alleged breach because he "unequivocally" stated that he understood that a particular

communication meant he was not entitled to the benefit he sought. 972 F.3d 1043 at 1050–51,

1055 (9th Cir. 2020). Thus, defendant Logic20/20 cannot show through the March 2020 email

alone that plaintiff had "actual knowledge" of the alleged breach of fiduciary duty with regard to

LTD benefits in March 2020. *Id.*[3] Indeed, plaintiff's complaint states that she was first made

---

[3] Defendant Logic20/20 cites to *Meagher v. Int'l. Assn. of Machinists & Aerospace Workers Pension Plan*, 856 F.2d 1418, 1422 (9th Cir. 1988) for the proposition that "[a]s a matter of law" plaintiff's breach of fiduciary duty claim against Logic20/20 "accrued as soon as Plaintiff received actual notice of the evidence of insurability ('EOI') requirements in the Company's long-term disability ('LTD') plan (the 'Plan')." Dkt. # 39 at 2:3–11. In fact, to the extent that *Meagher*'s analysis of a § 1132(a)(1)(B) claim is relevant to the § 1132(a)(3)(B) claim at issue in this matter, defendant's

ORDER DENYING MOTION
TO DISMISS - 9

aware that her claim for LTD benefits had been denied on June 23, 2022, with that denial

becoming final in December 2022 after an appeal and additional review. Dkt. # 23 at ¶¶ 21–23.

Therefore, on the facts as stated in the complaint plaintiff became "actually aware of the nature"

of the breach of fiduciary duty she is now alleging in 2022, which is less than three years before

she filed her complaint, making her claim for breach of fiduciary duty permissible under

§ 1113(2). *Guenther*, 972 F.3d 1043 at 1054–55 (9th Cir. 2020) (quoting *Sulyma*, 909 F.3d 1069

at 1075–76 (9th Cir. 2018)).

### D.  Plaintiff May Seek Attorney Fees Under Section 1132(g)(1)

Defendant Logic20/20 argues that the "attorney fees that Plaintiff seeks as relief in the

Second Cause of Action" are legal, not equitable, relief and therefore are barred given that

plaintiff's second cause of action is a claim under 29 U.S.C. § 1132(a)(3)(B). Dkt. # 33 at 7:10.

However, in her second cause of action plaintiff anchors the attorney fees she is seeking to

§ 1132(g)(1). Dkt. #23 at ¶ 61. The caselaw defendant Logic 20/20 provides fails to support an

argument that attorney fees may not be sought under § 1132(g)(1) for fees incurred to bring a

claim under § 1132(a)(3)(B), Dkt. # 33 at 10–18, and "[p]leadings must be construed so as to do

justice." Fed. R. Civ. P. 8(e). Therefore, the Court finds that defendant has sufficiently stated a

---

*Meagher* citation supports a different conclusion: plaintiff's claim accrued upon defendant's
"*application*" of the EOI requirement to deny defendant LTD benefits. *Meagher*, 856 F.2d 1418 at 1422
(9th Cir. 1988) (italics in the original). However, the Court finds it more helpful to apply far more recent
case law, such as *Guenther v. Lockheed Martin Corp.*, 972 F.3d 1043 (9th Cir. 2020), which analyzes
the accrual question in the context of a breach of fiduciary claim under § 1132(a)(3).

ORDER DENYING MOTION
TO DISMISS - 10

claim for attorney fees under § 1132(g)(1). (The same provision defendant Logic20/20 has

invoked in asking for attorney fees. Dkt. # 39 at 1, 9.)

### E.  Plaintiff Is Seeking Allowable Remedies

Defendant Logic20/20 also argues that the benefits and interest "that Plaintiff seeks as

relief in the Second Cause of Action" are legal, not equitable, relief and therefore are barred

given that plaintiff's second cause of action is a claim for equitable relief under 29 U.S.C.

§ 1132(a)(3)(B). Dkt. # 33 at 7:10. Defendant is correct as to the general principle that "Money

damages are 'the classic form of *legal* relief,' and are not an available remedy under ERISA's

equitable safety net" contained in § 1132(a)(3). *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180,

1190 (9th Cir. 2010) (quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993)). *See also*

*Great-W. Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002). However, defendant

Logic20/20 does not identify the portions of plaintiff's second cause of action in which plaintiff

impermissibly seeks "benefits" and "interest." Dkt. # 33 at 7:10–18. Plaintiff's second cause of

action appears to seek equitable relief through "waiver," "estoppel," "reformation," and

"surcharge." Dkt. # 23 at 14:22 and 23:13, 20. These are allowable remedies under the statute.

*See Skinner v. Northrop Grumman Ret. Plan B*, 673 F.3d 1162, 1165 (9th Cir. 2012); *Gabriel v.*

*Alaska Elec. Pension Fund*, 773 F.3d 945, 955 (9th Cir. 2014); *Salyers v. Metro. Life Ins. Co.*,

871 F.3d 934, 942 (9th Cir. 2017).

ORDER DENYING MOTION
TO DISMISS - 11

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### F.  Plaintiff Has Not Engaged In "Improperly Duplicative" Pleading

Defendant Logic20/20 argues that plaintiff's claims against Logic20/20 and Prudential are "improperly duplicative and impermissible." Dkt. # 33 at 7:19–8:17. For this proposition, defendant again relies on Ninth Circuit caselaw that points in a different direction than defendant claims. S*ee supra*, n.3. Specifically, defendant cites *Moyle v. Liberty Mutual Retirement Benefit Plan*, 823 F.3d 948, 961 (9th Cir. 2016), in support of the proposition that under *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996), "an ERISA § 502(a)(3) claim that does not arise from a separate injury nor seek a different remedy than is available under ERISA § 502(a)(1)(B) is improperly duplicative and impermissible." Dkt. # 33 at 7:23–26. But as *Moyle* explains, at the very pincite that is cited by defendant: "*Varity* did not explicitly prohibit a plaintiff from pursuing simultaneous claims under § 1132(a)(1)(B) and § 1132(a)(3)." 823 F.3d 948 at 961 (9th Cir. 2016), *as amended on denial of reh'g and reh'g en banc* (Aug. 18, 2016). "Rather," what is prohibited is "duplicate *recoveries* when a more specific section of the statute, such as § 1132(a)(1)(B), provides a remedy similar to what the plaintiff seeks under the equitable catchall provision, § 1132(a)(3)." *Id*. (quoting *Silva v. Metro. Life Ins. Co.,* 762 F.3d 711, 726 (8th Cir. 2014) (emphasis in original)). The bottom line is that a plaintiff may plead simultaneous claims under § 1132(a)(1)(B) and § 1132(a)(3) *in the alternative*, because pleading in the alternative "allows plaintiffs to plead alternate theories of relief without obtaining double recoveries." *Id*. Here, pleading in the alternative is exactly what plaintiff did, citing *Moyle* in support. Dkt. # 23 at ¶¶ 42 and 64, n.2. *See also id*. at 2:23. Defendant's argument that plaintiff's

ORDER DENYING MOTION
TO DISMISS - 12

claims against Logic20/20 and Prudential are "improperly duplicative and impermissible" is simply wrong, as is made clear by the very pincite on which defendant relies. *See* Dkt. # 33 at 7:25–26.

### G. Plaintiff Has Sufficiently Alleged Logic20/20 Is a Fiduciary

ERISA establishes two types of fiduciaries. *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 653 (9th Cir. 2019). A "named fiduciary" is a party designated "in the plan instrument" as a fiduciary. *Id.* (citing 29 U.S.C. § 1101(a)(2)). A "functional" fiduciary is one who, as relevant here, "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets," or "has any discretionary authority or discretionary responsibility in the administration of such plan." *Id.* (citing 29 U.S.C. § 1002(21)(A)). Thus, "[a]n entity is a fiduciary under ERISA to the extent it has or exercises any discretionary authority, control, or responsibility in the management or administration of an ERISA plan." *Bafford v. Northrop Grumman Corp.*, 994 F.3d 1020, 1025 (9th Cir. 2021) (citing 29 U.S.C. § 1002(21)(A)(i), (iii)). "To state a claim for breach of fiduciary duty under ERISA, a plaintiff must allege that (1) the defendant was a fiduciary; and (2) the defendant breached a fiduciary duty; and (3) the plaintiff suffered damages." *Id.* at 1026.

Here, plaintiff contends that Logic20/20 was both a functional and named fiduciary. Dkt. # 23 at ¶¶ 44, 49. Additionally, plaintiff claims Logic20/20 "at all times relevant was the Plan Sponsor" and "the Plan Administrator." *Id.* at ¶ 4. Plaintiff also claims that, among other things:

ORDER DENYING MOTION
TO DISMISS - 13

1
2
3
4
5

> Logic20/20 was responsible for the creation and/or maintenance of all Plan Documents. Logic20/20 administered benefits under the Plan as offered to its employees at its home office in Seattle, Washington. Logic20/20 also acted as Prudential's agent concerning its employees' enrollment in the Plan, the recordkeeping of the Plan, and the collection of premiums for such voluntary additional coverage as that provided by the Plan.

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Id.* While an allegation that Logic20/20 is "the Plan Administrator" might be characterized as conclusory, the allegation is supported by plan documents filed in this action by Logic20/20 as part of its motion to dismiss. Dkt. # 34. These plan documents—a Group Contract between Prudential and Logic20/20, a Certificate of Insurance, and a Summary Plan Description—are repeatedly referenced in plaintiff's complaint and form the basis for her claims. *See* Dkt. # 23 at ¶¶ 3, 11, 18, 46. The Court has therefore considered these documents when determining the sufficiency of plaintiff's complaint. *See* Dkts. # 23, 34. *See also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *as amended* (July 28, 1998); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). The plan documents filed by Logic20/20 show that Logic20/20 is the Contract Holder for a Group Insurance Contract with Prudential Insurance Company of America; that Logic20/20 pays premiums to Prudential that are based on "the Employees then insured" (making it plausible that Logic20/20 collects premiums from its employees, as plaintiff alleges); and that Logic20/20 is the "Plan Sponsor" and "Plan Administrator." *See* Dkt. # 34, Ex. 1 at 2, 5 and Ex. 2 at 56. Thus, plaintiff's claims that Logic20/20 acted as a functional fiduciary are plausible. *See Acosta v. Brain*, 910 F.3d 502, 518 (9th Cir. 2018) (noting that the central inquiry is whether the party was acting as an ERISA fiduciary when taking the action subject to the complaint); *McIver v. Metro. Life Ins. Co.*, No. 23-55306, 2024 WL 4144075, at *1–2 (9th

ORDER DENYING MOTION
TO DISMISS - 14

Cir. Sept. 11, 2024) (finding that a Boeing employee had sufficiently pled that Boeing was

acting as a fiduciary where the employee alleged Boeing continued to "charge, deduct, and

collect premiums" for coverage for the employee's ex-wife after Boeing was notified of their

divorce, which made the ex-wife ineligible for the relevant benefit, and that Boeing also failed

to investigate the ex-wife's continued eligibility). The plan documents also allow the Court to

draw the reasonable inference that Logic20/20 was a functional fiduciary because Logic20/20

had some amount of "discretionary authority or discretionary responsibility in the administration

of [the] plan." 29 U.S.C. § 1002(21)(A). *Benavidez*, 993 F.3d 1134 at 1144–45 (9th Cir. 2021).

     In addition, to the extent that defendant Logic20/20 argues that plaintiff cannot claim

Logic20/20 is a fiduciary based on functions that Logic20/20 claims are ministerial (*see* Dkt.

# 33 9:15), the argument is premature. Where, as here, "a searching inquiry" is required to

determine whether the functions were, in fact, ministerial, the decision should not be made at the

motion to dismiss stage. *See* Dkt. # 38 at 16:4–11. *See also Schonbak v. Minnesota Life*, No.

16CV00295 DMS (JMA), 2016 WL 9525592, at *4 (S.D. Cal. Sept. 30, 2016) (stating: "[T]he

question of whether the conduct complained of was ministerial or fiduciary in nature is a factual

question that is inappropriate for resolution at the present moment."); *Rosenburg v. Int'l Bus.

Machines Corp.*, No. C 06-0430 PJH, 2006 WL 1627108, at *5 (N.D. Cal. June 12, 2006)

(stating: "Whether IBM assumed fiduciary status, including when and the extent to which it was

functioning in the capacity of a plan administrator, will require a searching inquiry into the facts

ORDER DENYING MOTION
TO DISMISS - 15

and is therefore inappropriate for resolution on a motion to dismiss."). Therefore, plaintiff has

sufficiently alleged defendant Logic20/20 is a fiduciary for the purposes of this action.

### H.  Plaintiff Has Sufficiently Pled Breach of Fiduciary Duty

Defendant Logic20/20 argues that plaintiff "does not allege facts supporting that

Logic20/20 breached a fiduciary duty." Dkt. # 33 at 10:2. This is plainly incorrect. *See* Dkt. # 23

at ¶¶ 1, 7–29, 41–61. Accepting the factual allegations in the complaint as true, plaintiff's

complaint does include "factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged" with regard to the breach of fiduciary

duty claim. *See id*. *See also Benavidez*, 993 F.3d 1134 at 1144–45 (9th Cir. 2021). To take one

example, plaintiff's complaint alleges that plaintiff's Employee Handbook "instructed her to

review the Summary Plan Description to learn about the specifics of the LTD plan." Dkt. # 23 at

¶ 14. The complaint further alleges that the Summary Plan Description "provided by Logic20/20

and made available to employees did not reference any EOI requirement or any penalty for late

enrollment in the LTD plan." *Id*. Documents filed by Logic20/20 and incorporated into

plaintiff's complaint by reference (*see supra*) show a Summary Plan Description that does not

reference any EOI requirement. Dkt. # 34, Ex. 2 at 56–61. Defendant argues that the Summary

Plan Description was "attached to" a Certificate of Coverage that does discuss the EOI

requirement (Dkt. # 39 at 2:16), and therefore plaintiff's mention of the Summary Plan

Description is "both disingenuous and a red herring" (Dkt. # 33 at 10:21). Plaintiff contests this.

Dkt. # 38 at 16:12–17:17. The Court cannot settle this dispute based on the pleadings, nor need

ORDER DENYING MOTION
TO DISMISS - 16

it settle the dispute at this stage because, taking the factual allegations in plaintiff's complaint as true, plaintiff has plausibly alleged that Logic20/20 breached its fiduciary duty by not complying with ERISA's disclosure requirements (*see* Dkt. # 23 at ¶ 13) and failing to convey "complete and accurate information material to the beneficiary's circumstance." *Barker v. Am. Mobil Power Corp.*, 64 F.3d 1397, 1403 (9th Cir. 1995), *as amended* (Nov. 15, 1995). Therefore, plaintiff has sufficiently pled breach of fiduciary duty by defendant Logic20/20.

## I. Plaintiff Has Sufficiently Pled Damages

Plaintiff's complaint alleges that Logic20/20's alleged breach of its fiduciary duty "proximately caused the denial of Plaintiff's benefits." Dkt. # 23 at ¶ 60. The complaint also alleges that Logic20/20's alleged breach of its fiduciary duty proximately caused Plaintiff to incur attorney fees "to pursue this action." *Id*. at ¶ 61. Finally, the complaint alleges that plaintiff "would have secured insurance coverage from a different provider but for" Logic20/20's alleged breach of its fiduciary duty. *Id*. at ¶ 81.

Defendant Logic20/20 contests causation here, arguing that because plaintiff was advised by email in March 2020 that she needed to provide an EOI to Prudential in order to receive LTD benefits, and plaintiff then "failed to submit the EOI" in response to the email, defendant Logic20/20's alleged failure to inform plaintiff of the EOI requirement before March 2020 *and* defendant Logic20/20's "deductions of premium payments between January 2021 and June 2022" are "legally irrelevant." Dkt. # 33 at 12:4–16. But it is far from clear that defendant Logic20/20's deductions of premium payments—which

ORDER DENYING MOTION
TO DISMISS - 17

plaintiff alleges continued "from January 2021 through March 2023" (*see* Dkt. # 23 at ¶ 25)—are legally irrelevant. *McIver v. Metro. Life Ins. Co.*, No. 23-55306, 2024 WL 4144075, at *1–2 (9th Cir. Sept. 11, 2024). *See* also, *Jackson v. Guardian Life Ins. Co. of Am.*, No. 22-CV-03142-JSC, 2023 WL 2960290, at *1 (N.D. Cal. Apr. 13, 2023) (case proceeded to summary judgment on facts similar to those alleged here).

        As an additional argument, defendant Logic20/20 claims there is no causation here because "Prudential's coverage denial was inevitable." Dkt. # 33 at 12:13–16. "Given Plaintiff's underlying medical disorder which she knowingly had her whole life, the fate of her LTD application was set well before Logic20/20 deducted premiums from her paycheck." *Id*. Defendant Logic20/20 cites no caselaw or evidence to support the application of this inevitability theory to a motion to dismiss, and in any event defendant Logic20/20 admits deducting premiums. *Id*. Plaintiff claims she "would have secured insurance coverage from a different provider but for" defendant Logic20/20's alleged breach of its fiduciary duty, and she claims that the acceptance of premiums by Prudential (premiums that the complaint alleges were deducted by Logic20/20) led plaintiff to "reasonably believe she was covered under the Plan." *Id*. at ¶¶ 35–36, 81. Therefore, accepting the factual allegations in the complaint as true, plaintiff has sufficiently pled damages.

ORDER DENYING MOTION
TO DISMISS - 18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**J.  Plaintiff Is Seeking Appropriate Equitable Relief**

Defendant argues that even if plaintiff can establish a *prima facie* claim under

§ 502(a)(3)(B), plaintiff is not seeking "appropriate equitable relief" and her complaint should

be dismissed for that alternative reason. Dkt. # 33 at 14:18 (citing *Gabriel v. Alaska Elec.*

*Pension Fund*, 773 F.3d 945, 954 (9th Cir. 2014)). With this in mind, the Court now examines

the specific equitable relief sought by plaintiff. Dkt. # 23 ¶¶ 62–82.

**1.  Estoppel**

Plaintiff claims defendant Logic20/20 is equitably estopped from asserting plaintiff's lack

of coverage because Logic20/20 "confirmed coverage through their deductions and subsequent

acceptance of premiums for LTD coverage." Dkt. # 23 at ¶ 62.

> Equitable estoppel "holds the fiduciary to what it had promised and operates to
> place the person entitled to its benefit in the same position he would have been in
> had the representations been true." *Gabriel v. Alaska Elec. Pension Fund*, 773
> F.3d 945, 955 (9th Cir. 2014) (internal quotation marks and citations omitted).
> Under this theory of relief, a plaintiff must allege the traditional equitable estoppel
> requirements: "(1) the party to be estopped must know the facts; (2) he must
> intend that his conduct shall be acted on or must so act that the party asserting the
> estoppel has a right to believe it is so intended; (3) the latter must be ignorant of
> the true facts; and (4) he must rely on the former's conduct to his injury." *Id.*
> (citations omitted). In the ERISA context, the plaintiff must allege three additional
> requirements: "(1) extraordinary circumstances; (2) that the provisions of the plan
> at issue were ambiguous such that reasonable persons could disagree as to their
> meaning or effect; and (3) that the representations made about the plan were an
> interpretation of the plan, not an amendment or modification of the plan." *Id.* at
> 957 (internal quotation marks and citations omitted). "[E]xtraordinary
> circumstances" in this context may be established by alleging facts that show a
> defendant made a promise that they reasonably should have expected to induce
> action or forbearance on the plaintiff's part, combined with a showing of repeated
> misrepresentations over time. *Id.* (internal citations and quotation marks omitted).

ORDER DENYING MOTION
TO DISMISS - 19

*Beverly Oaks Physicians Surgical Ctr., LLC v. Blue Cross & Blue Shield of Illinois*, 983 F.3d 435, 442 (9th Cir. 2020). Accepting the factual allegations in the complaint as true and drawing all reasonable inferences in favor of plaintiff, the Court finds it plausible that (1) Logic20/20 knew of the EOI requirement, knew that plaintiff had not satisfied the EOI requirement, and knew that Logic20/20 was nevertheless collecting LTD premiums from plaintiff; (2) plaintiff had a right to believe that she had LTD coverage in the circumstances alleged; (3) plaintiff was ignorant of the true facts of the EOI requirement; and (4) plaintiff was injured by her reliance on Logic20/20's conduct. Plaintiff has also adequately pleaded facts to satisfy the three equitable estoppel requirements specific to the ERISA context. Plaintiff has adequately pleaded extraordinary circumstances, alleging that she received "documentation and ongoing paycheck deductions from Logic20/20 confirming that she was covered by her LTD insurance beginning January 2021" and that Logic20/20 took her premiums for LTD insurance from January 2021 through March 2023. *See* Dkt. # 23 at ¶ 25. *See also Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 957 (9th Cir. 2014). Plaintiff has pleaded that relevant plan language was ambiguous. *See* Dkt. # 23 at ¶¶ 11; 35–36; 54; 64, n.2; 71. Plaintiff has pleaded that representations Logic20/20 made about the plan were an interpretation of the plan, not an amendment or modification of the plan. *See* Dkt. # 23 at ¶¶ 54, 57, 69, 77. "That was sufficient." *Beverly Oaks*, 983 F.3d 435 at 442 (9th Cir. 2020).

ORDER DENYING MOTION
TO DISMISS - 20

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 2.  Waiver

Plaintiff claims defendant Logic20/20 waived its right to assert plaintiff's lack of

coverage because Logic20/20 "confirmed coverage through their deductions and subsequent

acceptance of premiums for LTD coverage." Dkt. # 23 at ¶ 62.

> A waiver occurs when "a party intentionally relinquishes a right" or "when that
> party's acts are so inconsistent with an intent to enforce the right as to induce a
> reasonable belief that such right has been relinquished." *See Intel Corp. v.
> Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1559 (9th Cir. 1991). Courts
> have applied the waiver doctrine in ERISA cases when an insurer accepted
> premium payments with knowledge that the insured did not meet certain
> requirements of the insurance policy. *See, e.g.*, *Gaines v. Sargent Fletcher, Inc.
> Grp. Life Ins. Plan*, 329 F.Supp.2d 1198, 1222 (C.D. Cal. 2004) (holding that an
> insurer waived its right to rely on evidence of insurability requirement as grounds
> for denial of benefits by receiving payments without "giving any indication" that
> the insured had failed to submit evidence of insurability); *Pitts v. Am. Sec. Life Ins.
> Co.*, 931 F.2d 351, 357 (5th Cir. 1991) (finding waiver in ERISA action where
> insurer continued accepting payments after learning of plan participant's breach of
> policy requirements).

*Salyers v. Metro. Life Ins. Co.*, 871 F.3d 934, 938 (9th Cir. 2017). In *Salyers*, the Ninth Circuit

found that an employer, Providence, and an Insurer, MetLife, had created a "compartmentalized

system" in which "Providence was responsible for interacting with plan participants and

MetLife remained largely ignorant of individual plan participants' coverage elections." *Id*. To

prevent the use of "a compartmentalized system to escape responsibility," *Salyers* applied the

federal common law of agency to the situation, finding that Providence had acted as MetLife's

agent in deducting premiums for life insurance from the plaintiff's paycheck absent a required

"evidence of insurability," and therefore "Providence's knowledge and conduct" was

attributable to MetLife. *Id*. at 936–41. Accordingly, MetLife was found to have waived the

ORDER DENYING MOTION
TO DISMISS - 21

evidence of insurability requirement and could not contest coverage on that basis. *Id*. at 936–41.

Plaintiff here claims that the same type of "compartmentalized system" is being deployed by

defendant Logic20/20 in this matter to "escape responsibility" regarding the EOI requirement

and premium deductions from plaintiff's paycheck. Dkt. # 23 at ¶ 54.

However, as defendant points out (Dkt. # 33 at 14–15), a difference between *Salyers* and

this case is that the Group Contract between Logic20/20 and Prudential is available in this

matter, along with a copy of a Certificate of Coverage and Summary Plan Description, whereas

in *Salyers*, the contract between Providence and MetLife was not in the record. 871 F.3d 934 at

939 (9th Cir. 2017). Without the contract and "other relevant communications" available to the

*Salyers* court, that court relied on what a plan participant "would have reasonably believed"

about Providence's authority, reaching the conclusion that Providence had apparent authority

and therefore was MetLife's agent "for the purposes of enforcing the evidence of insurability

requirement." *Id.* at 941. Here, in contrast, the available Group Contract states that the contract

holder (Logic20/20) "is not the agent or representative of Prudential" (Dkt. # 34, Ex. 1 at 9); the

available Certificate of Coverage states that "[u]nder no circumstances will your Employer be

deemed the agent of Prudential" (Dkt. # 34, Ex. 2 at 16); and the available Summary Plan

Description also states that "[u]nder no circumstances" will the employer be deemed an agent of

Prudential "absent a written authorization of such status executed between the

Employer/Policyholder and The Prudential Insurance Company of America. Nothing in these

ORDER DENYING MOTION
TO DISMISS - 22

documents shall, of themselves, be deemed to be such written execution." (Dkt. # 34, Ex. 2 at 57).

As a result, it is not clear to the Court on this record which party *could* relinquish (i.e., waive) the EOI requirement in this plan. As noted above, plaintiff has plausibly pled that there is ambiguity in this plan as to the particular responsibilities of Prudential and Logic20/20. Dkt. # 23 at ¶ 11. In addition, "[a]llowing insurers . . . to essentially vitiate *Salyers* and the good behaviors it seeks to promote" by inserting "a non-waiver clause into the operative policy" would be "unfair and unjust." *Cho v. First Reliance Standard Life Ins. Co.*, 852 F. App'x 304, 305 (9th Cir. 2021). The Court thus finds that there are factual issues regarding the existence of an agency relationship—notwithstanding defendants' contractual disavowal of an agency relationship—and that because of this the waiver issue is not suitable for resolution at the motion to dismiss stage.

### 3. Reformation

Plaintiff pleads entitlement to reformation based on alleged fraud by defendant Logic20/20. Dkt. # 23 at ¶¶ 74–79.

> Under a fraud theory, a plaintiff may obtain reformation when either (1) "[a trust] was procured by wrongful conduct, such as undue influence, duress, or fraud," or (2) a "party's assent [to a contract] was induced by the other party's misrepresentations as to the terms or effect of the contract" and he "was justified in relying on the other party's misrepresentations."

*Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 955 (9th Cir. 2014) (citing *Skinner v. Northrop Grumman Ret. Plan B*, 673 F.3d 1162, 1116 (9th Cir. 2012)). Here, plaintiff alleges

ORDER DENYING MOTION
TO DISMISS - 23

Logic20/20 "committed equitable fraud" when it misrepresented her LTD coverage by repeatedly deducting and accepting premium payments while knowing that plaintiff had not submitted an EOI. Dkt. # 23 at ¶ 77. This "lulled Plaintiff into a false sense of security that her coverage had been approved and remained in place when it did not under the Plan's terms." *Id*. As a result, "Plaintiff reasonably but mistakenly expected that she would be covered under the Plan." *Id*. Thus, accepting the factual allegations in the complaint as true, including plaintiff's allegations concerning "ambiguity" as to the roles of Logic20/20 and Prudential in the administration of this benefits plan (*see* Dkt. # 23 at ¶¶ 11, 35–6, 54, 71), plaintiff has sufficiently pled entitlement to reformation. *Gabriel*, 773 F.3d 945 at 955 (9th Cir. 2014) (citing *Skinner*, 673 F.3d 1162 at 1166 (9th Cir. 2012)). *Accord Baker v. Save Mart Supermarkets*, 684 F. Supp. 3d 980, 991 (N.D. Cal. 2023) (sufficient pleading of entitlement to reformation on a motion to dismiss where plaintiffs alleged misrepresentation about a benefit and justified reliance on the misrepresentation).

### 4. Surcharge

Plaintiff pleads entitlement to surcharge. Dkt. # 23 at ¶¶ 80–82. Surcharge may be used in response to a breach of fiduciary duty as a means of gaining compensatory damages for the breach that "will put the beneficiary in the position he or she would have attained but for the [fiduciary's] breach." *Skinner*, 673 F.3d 1162 at 1167 (9th Cir. 2012). Here, plaintiff contends that she would have secured LTD benefits from a different provider but for Logic20/20's breach of its fiduciary duty to, among other things, "property notify Plaintiff of the inability to cover

1   her for her LTD coverage." Dkt. # 23 at ¶ 81. Plaintiff contends that as a result, she has "been

2   actually harmed in the amount of the LTD benefits she is entitled to collect." *Id*. Thus, accepting

3   the factual allegations in the complaint as true, plaintiff has adequately pled the elements of

4   surcharge: that Logic20/20 breached a fiduciary duty and that she was harmed by the breach.

5   *Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 958 (9th Cir. 2014).

6

7          **K. Plaintiff Has Plausibly Pled a violation of 29 U.S.C. § 1024(b)(4) and**

8             **§ 1132(c)**

9

10          A plan administrator "shall, upon written request of any participant or beneficiary,

11   furnish a copy of the latest updated summary, plan description, and the latest annual report, any

12   terminal report, the bargaining agreement, trust agreement, contract, or other instruments under

13   which the plan is established or operated." 29 U.S.C. § 1024(b)(4). In addition, § 1132(c)(1)(B)

14   establishes financial liability for "[a]ny administrator" who "fails or refuses to comply with a

15

16   request for any information which such administrator is required by this subchapter to furnish to

17   a participant or beneficiary . . . within 30 days after such request."

18

19          Here, plaintiff claims that in an email dated Aug. 22, 2022, she asked defendant

20   Logic20/20, the plan administrator, to provide her with "the relevant Plan documents governing

21   the LTD Plan." Dkt. # 23 at ¶ 84. "Logic20/20 responded that it did not believe it had those

22

23   documents, and Plaintiff would need to obtain them from Prudential." *Id*. Plaintiff claims that

24   ultimately, defendant Logic20/20 never provided her with a copy of the Group Contract in

25   response to her request. Dkts. # 23 at ¶ 85; 38 at 14. Therefore, accepting the factual allegations

26

27

28

ORDER DENYING MOTION
TO DISMISS - 25

in the complaint as true, plaintiff has plausibly alleged a violation of 29 U.S.C. § 1024(b)(4) and

§ 1132(c) by Logic20/20.

**IV.    Conclusion**

For all to foregoing reasons, defendant Logic20/20's motion to dismiss (Dkt. # 33) is

DENIED. Plaintiff's motion to strike (Dkt. # 42) is GRANTED. The Declaration of Bradley J.

Krupicka (Dkt. # 40) and the arguments in defendant's reply that rely on that declaration (*see*

Dkt. # 39 at 4:11) are STRICKEN because they impermissibly raise new evidence.


IT IS SO ORDERED.


DATED this 29th day of December, 2025.


Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
TO DISMISS - 26