UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALEXIS HAMILTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LOGIC20/20, INC., PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>　　　　　Defendants. | Case No. C24-916RSL<br><br>ORDER DENYING DEFENDANT PRUDENTIAL'S MOTION TO DISMISS |

This matter comes before the Court on defendant Prudential Insurance Company of America's motion to dismiss or, in the alternative, strike certain allegations (Dkt. # 36); plaintiff's response and request for judicial notice (Dkt. # 43); defendants' reply (Dkt. # 46); and defendant's response to plaintiff's request for judicial notice (Dkt. # 47).[1] Having reviewed these filings and record herein, the Court DENIES defendant Prudential's motion to dismiss, DENIES defendant Prudential's alternative motion to strike, and GRANTS plaintiff's request for judicial notice.

---

[1] This matter can be decided on the papers submitted. Defendant Prudential's request for oral argument is DENIED.

ORDER DENYING MOTION
TO DISMISS - 1

### I. Background

In February 2016, Prudential Insurance Company of America and Seattle employer Logic20/20 entered into a Group Contract (G-22681-WA) to provide benefits to Logic20/20's employees pursuant to an agreed plan. Dkts. # 23 at ¶¶ 3–4; 34, Ex. 1 at 1–3, 11 and Ex. 2 at 56. Plaintiff alleges that she began working full-time as a Customer Success Consultant for Logic20/20 on January 7, 2019. Dkt. # 23 at ¶ 7. At that time, plaintiff was 25 years old. *Id*. at ¶ 14. Plaintiff alleges that Logic20/20 instructed her not to sign up for benefits until her 26th birthday because she was covered under her parents' insurance plans until her 26th birthday. *Id*. Plaintiff also alleges that Logic20/20 did not tell her that by waiting until her 26th birthday to sign up for benefits, she would trigger a requirement that she fill out an "Evidence of Insurability" ("EOI") form. *Id*. That requirement would be triggered because, by the time of plaintiff's 26th birthday, more than 31 days would have elapsed since her eligibility for enrollment. *Id*. *See also* Dkt. # 34, Ex. 2 at 14.

"Plaintiff had lived with Ankylosing Spondylosis her whole life, and would not have knowingly agreed to forgo the ability to automatically enroll in disability benefits." *Id.* at ¶ 14. Plaintiff alleges that in August 2019, eight months after she began work at Logic20/20, she received and completed her new employee enrollment paperwork, singing up for "all insurance available, including [short-term disability] insurance." *Id*. Plaintiff claims she believed she had signed up for long-term disability insurance, "but it appears that Logic20/20 failed to provide

ORDER DENYING MOTION
TO DISMISS - 2

her the form." *Id*. "Nothing in the benefit election form mentioned a need for an EOI for [long term disability] coverage." *Id*.

    Plaintiff alleges that she was not enrolled in long-term disability ("LTD") coverage in 2019 or 2020, nor was she charged premiums for LTD coverage during that period. *Id*. Plaintiff alleges that after she attempted to enroll in LTD benefits during the 2020 enrollment period, she received a March 2020 email from Logic20/20 telling her to send an EOI to Prudential. *Id*. at ¶ 15. *See also* Dkt. # 34, Ex. 1. Plaintiff did not submit an EOI. Dkt. # 23 at ¶¶ 54, 65–6, 76–7.

    When, in late 2020, Logic20/20 moved to online benefits enrollment for the 2021 healthcare coverage year, plaintiff alleges that she "checked the box for LTD insurance, believing it was a continuation of her prior insurance." *Id*. at ¶ 16. At that point, "Logic20/20 and Prudential accepted her enrollment and began charging her premiums for her LTD coverage." *Id*. "At no time did Plaintiff receive from Logic20/20 or Prudential a request to complete an Evidence of Insurability ('EOI') as part of her 2021 or 2022 benefits enrollment." *Id*. Plaintiff alleges that Logic20/20 deducted premiums for LTD coverage from her paycheck and that Logic20/20 and Prudential accepted those premiums from January 2021 through March 24, 2023, when plaintiff stopped working at Logic20/20. *Id*. at ¶¶ 19, 24–25.

    Plaintiff alleges that in March 2022, she filed for short-term disability ("STD") benefits after a diagnosis of Long Covid, which aggravated her preexisting conditions of Irritable Bowel Syndrome and Ankylosing Spondylitis. *Id*. at ¶ 20. "Plaintiff applied for and received the maximum amount of STD benefits from Prudential." *Id*. "At no time during this period did

ORDER DENYING MOTION
TO DISMISS - 3

either Logic20/20 or Prudential suggest that Plaintiff needed to submit a missing EOI . . . ." *Id*. Plaintiff alleges that in June 2022, after paying LTD benefits for "the past 18 months," she submitted a claim for LTD benefits. *Id*. at ¶ 21. "On June 23, 2022, Prudential for the first time informed Plaintiff that she had been required to complete an EOI form to qualify for LTD insurance." *Id*. "Prudential confirmed to her that she qualified medically for LTD benefits, but denied her claim based on the lack of EOI form in her file. Prudential asserted that Plaintiff had never had LTD coverage, despite paying premiums for it over the past year." *Id*.

Plaintiff alleges that on Aug. 22, 2022, she asked Logic20/20 by email to provide her with all plan documents. *Id*. at ¶ 22. "Logic 20/20 replied that it did not have them." *Id*. Plaintiff alleges that on Aug. 25, 2022, Prudential denied her appeal of Prudential's initial LTD benefits denial "but allowed Plaintiff to complete an EOI form." *Id*. at ¶ 23. Plaintiff alleges that Prudential "then denied her coverage again," and then, after reviewing the matter once more at the request of Logic20/20 and plaintiff, Prudential denied her coverage a third time in December 2022. *Id*.

Even so, plaintiff alleges, she was permitted to sign up for LTD coverage in late 2022 for the 2023 coverage year, and Logic20/20 and Prudential "continued to take her premiums despite informing her just a month earlier that she could not qualify for insurance." *Id*. at ¶ 24.

## II.  Plaintiff's Claims

Plaintiff's First Amended Complaint ("FAC") (hereafter referred to as "the complaint" and "plaintiff's complaint") brings two claims against defendant Prudential under the Employee

ORDER DENYING MOTION
TO DISMISS - 4

Retirement Income Security Act ("ERISA"). The first claim seeks to recover benefits, attorney fees, and pre- and post-judgment interest pursuant to 29 U.S.C. § 1132(a)(1)(B) and (g)(1). As relevant here, Section 1132(a)(1)(B) allows a "participant" in a plan "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Section 1132(g)(1) allows the Court in its discretion to award reasonable attorney fees and costs to either party in an action brought by a plan participant.

Plaintiff's second claim against Prudential alleges a violation of 29 U.S.C. § 1132(a)(3)(B) and (g)(1). Dkt. # 23 at 14:22. Section 1132(a)(3)(B) allows a participant, beneficiary, or fiduciary to obtain "appropriate equitable relief" to redress violations of "any provision of this subchapter or the terms of the plan." As relevant here, the term "participant" means "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer . . . ." 29 U.S.C. § 1002(7). The equitable relief plaintiff seeks here includes estoppel, waiver, reformation, and surcharge. Dkt. # 23 at 14:22. Plaintiff seeks this equitable relief from Prudential "in the alternative" to the relief she is seeking from Prudential under Section 1132(a)(1)(B). Dkt. # 23 at ¶ 42. As part of this claim, plaintiff also seeks attorney fees under Section 1132(g)(1). Dkt. # 23 at ¶ 61.

ORDER DENYING MOTION
TO DISMISS - 5

### III. Discussion

#### A. Pleading Standard Under Fed. R. Civ. P. 12(b)(6)

The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In the context of a motion under Rule 12(b)(6), the Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). The Court's review is generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). "We are not, however, required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

> To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." []*Twombly*, 550 U.S. [at 570]. A plausible claim includes "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *U.S. v. Corinthian Colls*., 655 F.3d 984, 991 (9th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Under the pleading standards of Rule 8(a)(2), a party must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). . . . A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

ORDER DENYING MOTION
TO DISMISS - 6

*Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1144–45 (9th Cir. 2021). In addition, the factual allegations in a complaint "must be enough to rise above the speculative level." *Twombly*, 550 U.S. 544 at 555 (2007).

## B.  Plaintiff Has Sufficiently Stated a Claim Under 29 U.S.C. § 1132(a)(1)(B)

Defendant Prudential argues that plaintiff's claim for LTD benefits under 29 U.S.C. § 1132(a)(1)(B) "fails as a matter of law" because plaintiff "admits that she did not meet the terms for LTD coverage under the plan." Dkt. # 36 at 7–8. In support of this argument, defendant Prudential assembles a selection of allegations from plaintiff's complaint in an attempt to show that "given the terms of the plan and Plaintiff's admissions, Plaintiff did not have coverage under the plan and she is not, and cannot be, due any benefits under the plan." *Id*. However, on a motion to dismiss the Court focuses on the contents of the complaint as presented by the plaintiff, accepting the factual allegations as true and construing the pleadings in the light most favorable to the nonmoving party (here, plaintiff). *Manzarek*, 519 F.3d 1025 at 1031 (9th Cir. 2008) (citation omitted). Thus, the Court will evaluate the sufficiency of plaintiff's full complaint, which includes allegations omitted by Prudential's arguments at Dkt. # 36 at 7–8.

Plaintiff alleges that she "applied for LTD coverage," did so "on a form approved by Prudential," and that "Prudential affirmed coverage and accepted premiums on that LTD coverage" from January 2021 through March 2023. Dkt. # 23 at ¶¶ 17, 25, 35. Plaintiff further alleges that this led her to "reasonably believe she was insured under the Plan." *Id*. While plaintiff alleges that she received an email from Logic20/20 in March 2020 telling her to mail an

EOI to Prudential and did not do so, plaintiff also alleges that "Prudential and Logic20/20 knowingly took Plaintiff's premium payments without requiring EOI, all while knowing that Plaintiff had not submitted EOI." *Id.* at ¶¶ 15, 65–6. Plaintiff also alleges that there is ambiguity in the plan documents that made it reasonable for plaintiff to believe that she had LTD coverage. *Id*. at ¶¶ 11, 36. Plaintiff alleges that "the ambiguous Plan language was convoluted even further by Prudential and Logic20/20's conduct." *Id.* at ¶ 71. Plaintiff also alleges that Prudential and Logic20/20 have used "a compartmentalized system to escape responsibility" for conduct relevant to this matter. *Id*. at ¶ 54.

In *Salyers v. Metro. Life Ins. Co.*, 871 F.3d 934, 938 (9th Cir. 2017), the court confirmed a district court's finding that an insurer, MetLife, and an employer, Providence, had "created a system in which Providence was responsible for interacting with plan participants and MetLife remained largely ignorant of individual plan participants' coverage elections." Due to this "compartmentalized system," the *Salyers* court wrote, "until Salyers made her claim for benefits, MetLife did not know that (1) premiums had been deducted from Salyers's paycheck or (2) Salyers had elected coverage in an amount that required evidence of insurability under the Plan." *Id*. The *Salyers* court noted that Congress has specifically stated that ERISA exists to protect the interests of those covered by employee benefit plans and to increase the likelihood that they will receive full benefits. 871 F.3d 934, 939–42 (9th Cir. 2017). The *Salyers* court also found that "diligent oversight" is appropriate to prevent an insurer from using "a compartmentalized system to escape responsibility." 871 F.3d 934, 939–42 (9th Cir. 2017). As a

ORDER DENYING MOTION
TO DISMISS - 8

result, the *Salyers* court applied the federal common law of agency to attribute Providence's actions to MetLife. *Id*. The court then held that the deduction of premiums from Salyers's paychecks by Providence, the failure of MetLife and Providence to ask for an EOI "over a period of months," and the representation that Salyers was covered "were collectively 'so inconsistent with an intent to enforce' the evidence of insurability requirement as to 'induce a reasonable belief that [it] ha[d] been relinquished.'" *Id*. (citing *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1559 (9th Cir. 1991)).

Defendant Prudential argues that the facts here are different from those in *Salyers*. Dkt. # 46 at 4:18. For example, here plaintiff alleges that Logic20/20 asked her to mail an EOI to Prudential in March 2020 (*see* Dkt. # 23 at ¶ 15) and that when she did submit an EOI to Prudential in October 2022 it was reviewed and denied (*see* Dkt. # 23 at ¶ 23). In *Salyers*, there was no indication that an EOI had ever been requested, much less considered. 871 F.3d 934 at 936–8 (9th Cir. 2017). But plaintiff here also alleges that she believed she was covered even after not submitting an EOI in response to the March 2020 email (*see* Dkt. # 23 at ¶ 16), and she alleges that Logic20/20 and Prudential kept accepting her LTD premiums until March 2023 (*see* Dkt. # 23 at ¶¶ 16, 25). Plaintiff further alleges that when she submitted a claim for LTD benefits in June 2022, "Prudential confirmed to her that she qualified medically for LTD benefits," but also "for the first time informed Plaintiff that she had been required to complete an EOI form to qualify for LTD insurance." Dkt. # 23 at ¶ 21. *See Salyers*, 871 F.3d 934 at 938 (9th Cir. 2017) (stating that because a "compartmentalized system" was at play, "until Salyers

ORDER DENYING MOTION
TO DISMISS - 9

made her claim for benefits, MetLife did not know that (1) premiums had been deducted from Salyers's paycheck or (2) Salyers had elected coverage in an amount that required evidence of insurability under the Plan."). Thus, taking the factual allegations in the complaint as true, as the Court must at this stage in the proceedings, plaintiff has plausibly alleged that Prudential accepted LTD insurance premiums from plaintiff for more than two years (from January 2021 to March 2023). Dkt. # 23 at ¶25. Plaintiff has also plausibly alleged that while she did receive a March 2020 email from defendant Logic20/20 requesting that she mail an EOI to defendant Prudential and did not submit an EOI at that time, both of the defendants (Logic20/20 and Prudential) subsequently failed to ask her for an EOI "over a period of months" while accepting plaintiff's LTD insurance premiums, leading plaintiff to believe that she had LTD coverage. *Id*. at ¶¶ 15, 35, 54, 65–6, 76–7. *See also Salyers*, 871 F.3d 934 at 941 (9th Cir. 2017). Plaintiff does allege that after she filed her claim for LTD benefits in June 2022, Prudential flagged her lack of an EOI and subsequently denied her claim multiple times. Dkt. # 23 at ¶¶ 21, 23. But on the facts alleged in the complaint, it is not clear whether defendant Prudential actually knew about plaintiff's lack of an EOI prior to June 2022 or, as in *Salyers*, "did not know" until plaintiff's claim for benefits was filed. *Salyers*, 871 F.3d 934 at 938 (9th Cir. 2017). Plaintiff has plausibly alleged that Prudential "knew or should have known" that plaintiff had not satisfied the EOI requirement. Dkt. # 23 at ¶ 70. Plaintiff has also plausibly alleged the presence of "a compartmentalized system." *Id*. at ¶ 54. Thus, prior to discovery plaintiff has plausibly alleged facts similar enough to those in *Salyers* (where the Ninth Circuit was reviewing the results of a

ORDER DENYING MOTION
TO DISMISS - 10

District Court bench trial) that this Court can reasonably infer, for the purpose of ruling on this motion to dismiss, that defendant Prudential "waived the evidence of insurability requirement" as to plaintiff and therefore plaintiff has plausibly stated a claim that she is due benefits under the terms of the plan. 29 U.S.C. § 1132(a)(1)(B); *Salyers*, 871 F.3d 934, 941–2. (9th Cir. 2017). This, of course, does not mean that plaintiff has proven either waiver or her entitlement to LTD benefits. It merely means that accepting the factual allegations in the complaint as true and construing the pleadings in favor of plaintiff, the Court finds that plaintiff has plausibly stated this claim. *Manzarek*, 519 F.3d 1025 at 1031 (9th Cir. 2008) (citation omitted).

### C. Plaintiff Has Sufficiently Stated a Claim Under 29 U.S.C. § 1132(a)(3)(B)

"To state a claim for breach of fiduciary duty under ERISA, a plaintiff must allege that (1) the defendant was a fiduciary; and (2) the defendant breached a fiduciary duty; and (3) the plaintiff suffered damages." *Bafford v. Northrop Grumman Corp.*, 994 F.3d 1020, 1026 (9th Cir. 2021). Here, taking plaintiff's factual allegations as true, plaintiff plausibly alleges that defendant Prudential is a fiduciary and was performing a fiduciary function when it "administered enrollment, claims and benefits provided to Logic20/20 employees, including Plaintiff." Dkt. # 23 at ¶¶ 33, 44–5 (citing *Aetna Life Ins. Co. v. Bayona*, 223 F.3d 1030, 1033 (9th Cir. 2000), *as amended on denial of reh'g and reh'g en banc* (Nov. 3, 2000)). Plaintiff also plausibly alleges that defendant Prudential breached its fiduciary duty by, among other things: (1) failing to notify plaintiff of her lack of eligibility for LTD benefits due to her lack of EOI "until after she filed a disability claim and otherwise qualified for benefits under the Plan"; (2)

ORDER DENYING MOTION
TO DISMISS - 11

misleading her as to her coverage by accepting her premiums for LTD insurance; and (3) using a compartmentalized system to escape responsibility. Dkt. # 23 at ¶¶ 47, 48, 50, 54 (citing *Salyers*, 871 F.3d 934 at 940 (9th Cir. 2017)).[2] Finally, plaintiff plausibly alleges that Prudential's alleged breach of its fiduciary duty caused her to suffer damages in that the alleged breach "proximately caused the denial of Plaintiff's benefits," proximately caused Plaintiff to incur attorney fees "to pursue this action," and prevented plaintiff from securing insurance coverage from a different provider. Dkt. # 23 at ¶¶ 60, 61, 81. Defendant Prudential argues that plaintiff cannot show harm because of her "long-standing medical conditions," but in doing so defendant relies on inapposite authority and ignores plaintiff's factual allegation, which the Court must take as true at this stage, that when she filed her claim for LTD benefits in June 2022, "Prudential confirmed to her that she qualified medically for LTD benefits" but denied her claim for lack of an EOI. Dkt. # 23 at ¶ 21. *See also* Dkt. # 36 at 14:1–15:3. Therefore, plaintiff has plausibly stated a claim for breach of fiduciary duty under 29 U.S.C. § 1132(a)(3)(B).

Defendant Prudential also states that "[a]s to Plaintiff's request for equitable relief" under 29 U.S.C. § 1132(a)(3)(B), defendant Prudential "adopts the arguments set forth in Defendant

---

[2] To the extent that Prudential argues its relevant actions here were only ministerial tasks, that argument is premature. Where, as here, "a searching inquiry" is required to determine whether the functions were, in fact, ministerial, the decision should not be made at the motion to dismiss stage. *See* Dkt. # 36 at 13:17. *See also Schonbak v. Minnesota Life*, No. 16CV00295 DMS (JMA), 2016 WL 9525592, at *4 (S.D. Cal. Sept. 30, 2016) (stating: "[T]he question of whether the conduct complained of was ministerial or fiduciary in nature is a factual question that is inappropriate for resolution at the present moment."); *Rosenburg v. Int'l Bus. Machines Corp.*, No. C 06-0430 PJH, 2006 WL 1627108, at *5 (N.D. Cal. June 12, 2006) (stating: "Whether IBM assumed fiduciary status, including when and the extent to which it was functioning in the capacity of a plan administrator, will require a searching inquiry into the facts and is therefore inappropriate for resolution on a motion to dismiss.").

ORDER DENYING MOTION
TO DISMISS - 12

Logic20/20's Motion to Dismiss Plaintiff's FAC and Incorporated Memorandum of Law." Dkt. # 36 at 14, n.6. But Logic20/20's arguments that plaintiff has insufficiently pled entitlement to equitable relief are tethered to Logic20/20's description of its own actions in this matter. *See* Dkt. # 33 at 12:17–17:23. Thus, in the context of a motion to dismiss from Prudential—a motion in which Prudential makes clear that in many regards it sees its own actions in this matter as distinct and different from those of Logic20/20—the Court cannot meaningfully evaluate Prudential's attempt at a wholesale, undifferentiated adoption of Logic20/20's arguments concerning the sufficiency of plaintiff's equitable relief pleading. In any event, the Court was not persuaded by defendant Logic20/20's argument that plaintiff had insufficiently pleaded equitable relief. Therefore, the Court will not reach the arguments that defendant Prudential purports to adopt concerning equitable relief.

### D. Defendant's Motion to Strike Is Denied

Included in defendant Prudential's motion to dismiss is an "in the alternative" motion to strike certain allegations in plaintiff's complaint. Dkt. # 36. Specifically, defendant Prudential asks this Court to strike the allegations in plaintiff's complaint "regarding Prudential's alleged settlement with the United States Department of Labor" as immaterial, impertinent, and prejudicial. *Id*. at 15. Federal Rule of Civil Procedure 12(f) allows the Court to strike from a pleading "immaterial" and "impertinent" matter. It does not mention "prejudicial" matter. Immaterial matter "is that which has no essential or important relationship to the claim for relief . . . ." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds,*

ORDER DENYING MOTION
TO DISMISS - 13

510 U.S. 517, 534–5 (1994) (citing 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382, at 706–07 (1990)). Impertinent matter "consists of statements that do not pertain, and are not necessary, to the issues in question." *Id*.

Here, plaintiff's complaint alleges:

> Prudential is well aware that its practice of denying claims due to missing EOI forms while taking premium payments for years is a breach of ERISA. On April 13, 2023, Prudential entered into a settlement agreement with the United State[s] Department of Labor confirming that, where employers act as recordkeepers for EOIs in the life insurance context, it shall no longer deny such coverage under ERISA group plans solely on the basis that it did not receive an EOI after the insured paid premiums for three months or more. While the agreement was limited to supplemental life insurance, the underlying issue of taking premiums for ERISA benefits and then denying those benefits based on a failure of the employer to obtain the EOI is the same. Prudential knows that the Department of Labor has determined it is a violation of Prudential's fiduciary duties to the insured to deny claims based on the lack of EOI after it accepted premiums for coverage.

Dkt. # 23 at ¶ 29. *See also id.* at ¶¶ 54, 56, 72. These allegations by plaintiff contain matter that is both material and pertinent, in that the matter both relates and pertains to the type of practice alleged here: Prudential denying coverage for lack of an EOI where the insured paid premiums for three months or more. As both plaintiff and defendant Prudential point out, there are differences between the factual allegations here and the alleged facts underlying the alleged settlement between Prudential and the U.S. Department of Labor. *See* Dkts. #23 at ¶ 29; 36 at 15–17. However, those differences do not merit striking plaintiff's allegations regarding a

ORDER DENYING MOTION
TO DISMISS - 14

settlement between Prudential and the U.S. Department of Labor, particularly at the motion to dismiss stage when the Court must accept the factual allegations in the complaint as true.[3]

### E. Plaintiff's Request for Judicial Notice Is Granted

Plaintiff asks this Court to take judicial notice of four documents. Dkt. # 43-1. Those documents are:

1. "A true and correct copy of the April 18, 2023 Settlement Agreement between the Prudential Insurance Company of America and the United States Department of Labor";

2. "A true and correct copy of the Employee Benefits Security Administrator April 19, 2023 news release, 'US Department of Labor reaches settlement with Prudential Insurance Company of America to revise life insurance practices that denied claims'";

3. "A true and correct copy of the March 13, 2023 ORDER Unsealing Order Following Court Trial in *Cho v. First Reliance Standard Life Insurance Company*, Case No. 2:18-cv-04132-MWF-SK, Dkt. No. 69, U.S.D.C. Central District of California"; and

4. "A true and correct copy of the March 5, 2020 ORDER Following Court Trial in *Cho v. First Reliance Standard Life Insurance Company,* Case No. 2:18-cv-04132-MWFSK, Dkt. No. 72, U.S.D.C. Central District of California." *Id*.

---

[3] Defendant Prudential also argues that the allegations should be stricken for violating Fed. R. Evid. 408. Dkt. # 36 at 16. But "as a general matter, allegations in a complaint are not evidence." *Peace Software, Inc. v. Hawaiian Elec. Co.*, No. CIV. 09-00408SOM/LEK, 2009 WL 3923350, at *9 (D. Haw. Nov. 17, 2009). Further, "the Federal Rules of Evidence deal with evidence offered at trial, not allegations in a complaint." *Id*. Therefore, the Court declines to strike the allegations for allegedly violating Fed. R. Evid. 408.

ORDER DENYING MOTION
TO DISMISS - 15

While a court may take judicial notice of "matters of public record," it may not take judicial notice of a fact that is "subject to reasonable dispute." *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001) (citing Fed. R. Evid. 201(b)). Thus, where a court takes judicial notice of a document that contains disputed facts, it may only take notice of "*undisputed* matters of public record." *Id*. It may not take judicial notice of "*disputed* facts stated in public records." *Id*. In addition, where on a motion to dismiss "a court takes judicial notice of another court's opinion, it may do so 'not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity.'" *Id*. (citing *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426–27 (3rd Cir. 1999)). A court need not take judicial notice of documents that are irrelevant to a case. *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1410 n.2. (9th Cir. 1990).

As discussed above, the settlement agreement between Prudential and the U.S. Department of Labor is relevant in that it relates and pertains to the type of practice alleged here: Prudential denying coverage for lack of an EOI where the insured paid premiums for three months or more. The same is true for the press release announcing the settlement. Therefore, the court will grant plaintiff's request for judicial notice of those two documents, which are matters of public record. *Lee*, 250 F.3d 668 at 689–90 (9th Cir. 2001). However, the Court has not relied on the existence of those documents or on any alleged facts contained within those documents in reaching its decision regarding defendant Prudential's motion to dismiss. Similarly, the Court will grant plaintiff's request for judicial notice of the two orders in *Cho v. First Reliance*

ORDER DENYING MOTION
TO DISMISS - 16

*Standard Life Insurance Company*, Case No. 2:18-cv-04132-MWF-SK, finding that they deal with matters relevant to the issues in this case. However, the Court is only taking judicial notice of "the existence of" these orders. *Lee*, 250 F.3d 668 at 689–90 (9th Cir. 2001). It has not relied on them or the facts recited therein to reach its decision regarding defendant Prudential's motion to dismiss. In sum, while the Court grants plaintiff's requests for judicial notice of four documents, the Court did not need, utilize, or cite any of those documents in order to reach its decision on defendant Prudential's motion to dismiss.

## IV. Conclusion

For all to foregoing reasons, defendant Prudential's motion to dismiss (Dkt. # 36) is DENIED, defendant Prudential's motion to strike (Dkt. # 36) is DENIED, and plaintiff's request for judicial notice (Dkt. # 43-1) is GRANTED.

IT IS SO ORDERED.

DATED this 29th day of December, 2025.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
TO DISMISS - 17